PAGE & a., App'ts, v. PARKER, Adm'r, & a.

Under our statutes of descent and distribution, neither uncles nor cous-
ins of an intestate inherit by right of representation; but the former,
being next of kin, take the whole estate as against the latter.

APPEAL from the decree of the probate court, making distri-
bution of the estate of Charles H. Eastman, deceased, intestate.
The opinion states the case.

*Ray, Drew & Jordan* and *C. M. Barnes* (of Massachusetts), for
the plaintiffs.

*H. W. Parker, I. Colby,* and *A. S. Wait,* for the defendants.

BLODGETT, J.   The intestate left neither children, father,
mother, brother, nor sister.   The appellee Barnes is the brother
of the intestate's mother, and the appellants are children of three
deceased other brothers and a deceased sister of the mother; and
the only question raised is upon the distribution of the balance of
the estate, after deducting the share of the widow therein.   The
appellants claim that it should be divided into five equal shares,
four of which should be decreed to them and one to the appellee.
The probate court excluded the appellants, and ordered the admin-
istrator to pay the whole of said balance to the appellee.

It is argued that the claim of the appellants is sustained by the
third clause of *s.* 1, *c.* 203 of the Gen. Laws, relating to descent
and distribution, which provides that if there be no issue or
father, the estate shall descend in equal shares to the mother and
to the brothers and sisters, or their representatives.   But we do
not think it was the intention of the legislature, by the use of the
word "representatives," to include representatives of the mother,
but only those of the brothers and sisters; and this construction
is supported by the history of past legislation.   It is well known
that our statute of February 3, 1789, was taken substantially from
the English statutes of distribution (22 & 23 Car. 2, *c.* 10, and 1
Jac. 2, *c.* 17), which provide that "if, after the death of a father,
any of his children die intestate, without wife or children, in the
lifetime of the mother, every brother and sister, and the represen-
tatives of them, shall have an equal share with her."   The lan-
guage of the statute of 1789 is, "that in case the mother be living,
and no father, at the time of such decease, she shall be entitled to
an equal share of the estate with the brothers and sisters of the
intestate and their legal representatives."   Representatives of the
mother, as such, it will be noticed, are very plainly excluded.   The
provision quoted remained without alteration until the revision of
1842 (*s.* 1, *c.* 136, clause third), when the language was changed
to its present form.   The change of language does not, however,

indicate an intention to change the law, but only a purpose to render it more concise. *Crowell* v. *Clough*, 23 N. H. 210; *Jewell* v. *Holderness*, 41 N. H. 163; *Hatch* v. *Hatch*, 21 Vt. 455.

The correctness of this view is very strongly confirmed by the second clause of the same chapter, which, in the absence of issue of such intestate, gives the whole estate to the father, if living, to the exclusion of the mother; for, in the language of counsel, "it cannot be supposed that the legislature intended to exclude the mother from all participation with the father in the estate in case both were living, and. at the same time, if both were dead, to allow the representatives of the mother to take the whole estate to the exclusion of the representatives of the father."

It is also argued, that if the appellants are not entitled to a portion of the estate under the clause we have considered, they are clearly entitled under the fourth clause of the same section, which, in cases like the present, gives the estate to the next of kin in equal shares. The answer is, that the appellants are collaterals to the intestate, and therefore are expressly barred by *s.* 3 of the same chapter, which provides that "no representation shall be allowed among collaterals beyond the degree of brothers' and sisters' children."

But it is claimed that the limitation relates to the collaterals and not to the intestate, and that consequently the appellants take by representing the deceased brothers and sisters of the mother. No authorities are cited in support of this construction, and we have not been able to find any. On the contrary, in 1681, this question was elaborately considered in *Carter* v. *Crawley*, T. Raym. 496, and a few years later in *Maw* v. *Harding*, 2 Vern. 233; and it was held in both cases that no representation was admissible except between brothers and sisters of the intestate and their children. It was again considered, in *Pett* v. *Pett*, 1 Salk. 250, 1 Ld. Raym. 571, 1 P. Wms. 25, and in *Bowers* v. *Littlewood*, 1 P. Wms. 594; and in all those cases it was held that the meaning of the words in the statute of 22 Car. 2, "that there be no representation among collaterals after brothers' and sisters' children," was, that there should be no representation beyond the degree of brothers' and sisters' children of the intestate; that the limitation related to the intestate, and not to the collaterals. *Parker* v. *Nims*, 2 N. H. 460, is to the same effect, and so also is *Porter* v. *Askew*, 11 Gill & Johns. 346; and nearly four years after the adoption of our Revised Statutes, *Maw* v. *Harding* and the other English cases were cited in *Kelsey* v. *Hardy*, 20 N. H. 479. It is there said, by *Gilchrist*, J., on page 482, that "these decisions, made at an early period, have been since considered as having settled the construction of the statute in the particulars to which they relate, and have not been successfully drawn in question since, so far as the cases have been brought to our notice."

The construction adopted in *Parker* v. *Nims* has since been fol-

lowed by our courts of probate in the distribution of estates. If it should be overturned, disastrous consequences would inevitably result in numerous instances; but we have not found it necessary to give any weight to this consideration, because we entertain no doubt as to the proper construction of the statute provisions in question.

The result is, that neither party can claim any part of the estate by right of representation; and as the appellee is next of kin to the deceased, and there being no other relative so near in degree, he is entitled to take the whole estate as against the appellants.

*Appeal dismissed and decree affirmed.*

All concurred.